OPINION
Defendant-Appellant, David Ihle, brings this appeal from a decision of the Court of Common Pleas of Auglaize County adjudicating him to be a sexual predator within the meaning of R.C. 2950. Finding no merit to Appellant's arguments herein, we affirm the trial court decision.
In May 1994, the Auglaize County Grand Jury returned a multi-count indictment for events occurring between Appellant and a minor child for the period of December 1989 to February 1994. The indictment contained two counts of rape; two counts of felonious sexual penetration and five counts of gross sexual imposition. Appellant initially pled not guilty to all nine counts and the matter was set for a jury trial.
However, on July 28, 1994, a negotiated plea agreement was filed wherein Appellant withdrew his prior plea and agreed to plead guilty to an amended charge of rape and an amended charge of felonious sexual penetration. In exchange for Appellant's plea, the State of Ohio agreed to nolle prosequi the remaining counts. The court entered judgment on the same day accepting the agreement and Appellant's guilty plea. Sentencing was continued to allow for the preparation of a presentence investigation report, a psychological evaluation and a victim impact statement. The court then entered judgment on September 29, 1994 sentencing Appellant to serve consecutive prison terms of ten to twenty years on both felony convictions.
Thereafter, the Department of Rehabilitation and Corrections recommended that the court adjudicate Appellant as a sexual predator. The court set the matter for a hearing and, upon Appellant's request, ordered another psychological evaluation in order to address the specific issue of whether Appellant should be considered a sexual predator under Ohio law. Following a December 17, 1999 hearing, the court found Appellant to be a sexual predator. This appeal followed.
Assignment of Error I
 The trial court erred, in violation of the ex post facto clause of the United States Constitution, in finding Defendant-Appellant to be a sexual predator.
 We find Appellant's first assignment of error to be without merit on the authority of State v. Cook (1998), 83 Ohio St.3d 404, wherein the Supreme Court of Ohio held that the registration and notification provisions of R.C. Chapter 2950, as applied to conduct occurring prior to the effective date of the law, do not violate the Ex Post Facto Clause of the United States Constitution. In addressing this precise issue, this court has repeatedly adhered to Supreme Court precedent. See, e.g. State v. Fontes (Nov. 11, 1998), Union App. No. 14-97-45, unreported; State v. Cady (Nov. 5, 1998), Crawford App. No. 3-98-14, unreported; State v. Leppla (April 13, 2000), Auglaize App. No. 2-99-48, unreported. Accordingly, Appellant's first assignment of error is overruled.
 Assignment of Error II
 The trial court erred, in violation of the cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution and Section 9, Article 1 of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator.
 The Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution proscribe the infliction of cruel and unusual punishment. In Cook, the Ohio Supreme Court ruled that the registration and notification provisions of R.C. 2950 could not be considered punishment. Cook, 83 Ohio St.3d at 423. Rather, these provisions were found to be remedial in nature, designed to ensure public safety. Id. In the absence of any type of punishment, it is clear then that the constitutional provisions relied upon by Appellant herein are not implicated. See State v. Harter (Mar. 15, 2000), Auglaize App. No. 2-99-46, unreported; State v. Leppla (April 13, 2000), Auglaize App. No. 2-99-48, unreported. Thus, Appellant's second assignment of error is not well-taken.
 Assignment of Error III
 The trial court erred, in violation of the double jeopardy clauses of the Fifth and Fourteenth amendments to the United States Constitution and Section 10, Article 1 of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator.
 As we have already stated, the Cook court found that Ohio's sexual predator act cannot be characterized as punitive in nature. Cook, 83 Ohio St.3d at 423. The double jeopardy clauses contained in both the United States and Ohio constitutions prohibit multiple punishments for the same offense. Consequently, since Appellant has not been punished by the sexual predator adjudication, he has not been subjected to double jeopardy. See Harter, supra. Therefore, Appellant's third assignment of error is overruled.
 Assignment of Error IV
 R.C. Chapter 2950, as amended by H.B. 180, provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed, rendering the law vague, in violation of the due process clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article 1 of the Ohio Constitution.
 Although Appellant implores us to strike Ohio's sexual predator law as unconstitutionally vague, we must point out that this court has repeatedly held otherwise. See State v. Avery (1998), 126 Ohio App.3d 36; State v. James (Dec. 8, 1999), Hardin App. No. 6-99-5, unreported; State v. Norman
(Feb. 1, 2000), Auglaize App. No. 2-99-37, unreported; State v. Harter (Mar. 15, 2000), Auglaize App. No. 2-99-46, unreported. Thus, on the authority previously issued by this court, Appellant's fourth assignment of error is overruled.
 Assignment of Error V
 The trial court erred, in violation of Section 1, Article 1 of the Ohio Constitution, in finding Defendant-Appellant to be a sexual predator, because Ohio's sexual predator law is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights.
 In this assignment of error, Appellant urges this court to adopt the reasoning set forth by the Eleventh District Court of Appeals in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal allowed (1999), 86 Ohio St.3d 1406, wherein the court held that R.C. Chapter 2950 is an invalid use of the state's police power due to the unduly oppressive nature of the registration and notification provisions contained in the law. This court has consistently rejected the Williams
reasoning by finding that Ohio's sexual predator law is constitutional in this respect. See, e.g., State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported; State v. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported; State v. Fisher (Sept. 2, 1999), Allen App. No. 1-99-23, unreported; State v. Kinkle (Oct. 28, 1999), Allen App. No. 1-99-55, unreported. Appellant's fifth assignment of error is overruled.
 Assignment of Error VI
 The evidence adduced at trial by the State of Ohio failed to prove, by clear and convincing evidence, that the Defendant-Appellant is likely to engage in the future in one or more sexually oriented offenses, thus, rendering the court's decision against the manifest weight of the evidence.
 R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth several factors that a court should consider when deciding an offender's sexual predator status. These factors are as follows:
 (a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim * * * and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 After reviewing these factors, along with all testimony and evidence presented at the hearing, the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2). It is well established that clear and convincing evidence is:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
 State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469. In reviewing a decision purportedly founded upon this degree of proof, this court must examine the record to determine whether sufficient evidence exists to satisfy the clear and convincing standard. Schiebel, 55 Ohio St.3d at 74.
In the instant matter, Appellant does not dispute that he has pled guilty to committing sexually oriented offenses. In contrast, Appellant asserts that the evidence does not establish, by clear and convincing evidence, that he is likely to commit future sexually oriented offenses. We are not convinced.
The facts of this case revolve around Appellant's conduct with a then four-year-old child named Amanda. After local law enforcement and children's services agencies began to investigate Appellant's behavior, Appellant admitted to masturbating on the child many times; rubbing her vaginal area with his fingers and his genitals; and engaging in cunnilingus on more than one occasion. In a 1994 psychological report, Appellant appeared to have no remorse, stating that he loved Amanda and, in his opinion, never hurt her. A victim impact statement, however, indicates that the child has been severely traumatized by the abuse, evidenced by the fact that she rarely speaks above a whisper.
The 1994 report also indicates that Appellant, then twenty-four-years-old, displays perverted sexual behavior and that he has "extremely distorted sexual values and attitudes" and "pedophilic interests." In addition to his conduct with the child victim in this case, Appellant also admitted to the psychological examiner that he cannot get enough sex and that because of these feelings, he has engaged in deviant acts such as incest and bestiality with several different types of animals, including dogs, chickens and cows. At one point, Appellant stated that he would not want to have children because he would most likely abuse them in the same manner as Amanda. At the conclusion of the report, the examiner recommended that Appellant participate in several years of sex offender treatment.
Notwithstanding this directive, Appellant testified at the hearing that he has not undergone counseling or treatment specific to sexual disorders. In fact, without presenting any evidence to rebut the information contained in the record, Appellant vehemently denied that he ever touched the young victim and stated that he only admitted to it because the detectives and his lawyer forced him to.
In the face of the foregoing, we conclude that clear and convincing evidence exists to support the trial court's finding that Appellant will likely engage in future sexually oriented offenses. Appellant's sixth assignment of error is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 ______________________________ WALTERS, PRESIDING JUDGE
 HADLEY, P.J., and SHAW, J., concur.